FILED

2011 Mar-22  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK HAMILTON, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:10-CV-949-RDP** |
| | } | |
| **MAGELLAN BEHAVIORAL** | } | |
| **HEALTH, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendants Magellan and AT&T Corporation's Motion to Dismiss State Law Claims, Claims for Punitive Damages and Extracontractual Damages, and to Strike Demand for Jury Trial Pursuant to ERISA (Doc. # 13) and Defendant Bradford Health Services's Motion to Dismiss (Doc. # 14).  The matter has been fully briefed and the parties have had an opportunity to present argument at the court's motion docket, which took place on March 8, 2011.

During oral argument, the attorneys for Plaintiffs, Magellan, and AT&T informed the court that Plaintiffs had stipulated: (1) to the dismissal of the state law claims against AT&T and Magellan; (2) that their claims for punitive and extracontractual damages as to AT&T and Magellan were due to be stricken; and (3) that Plaintiffs' jury demand as to AT&T and Magellan was also due to be stricken. Thus, remaining before the court is Defendant Bradford Health Services's ("Bradford") motion to dismiss.

## I.       Facts Alleged in the Complaint

Plaintiff's Complaint (Doc. # 1) alleges that Plaintiff Mark Hamilton had insurance coverage provided through his employer and that while he was covered by the policy it was medically necessary for him to enter an intensive inpatient treatment program at a substance abuse facility. (Doc. # 1 at ¶¶ 7-8).  Mark Hamilton entered treatment at Bradford on or about October 7, 2008. (Doc. # 1 at ¶ 10).  In a letter dated October 10, 2008, Magellan (the insurer) denied, on behalf of AT&T (the employer), coverage for the treatment Mark Hamilton was receiving.  (Doc. # 1 at ¶ 11). While at Bradford, Mark Hamilton was informed of the denial and expressed concern to Bradford personnel about the financial burden this would cause him and his family. (Doc. # 1 at ¶ 12).  The October 10, 2008, letter in question stated that there was no avenue of appeal from the denial; however, when Mark Hamilton expressed concern about the language of the letter, he was informed by Bradford that it would either handle the appeal of the denial and/or Mark Hamilton would have sufficient opportunity to further appeal the denial decision. (Doc. # 1 at ¶ 13).  In reliance of this assertion, Mark Hamilton later wrote a letter to Magellan appealing the decision. (Doc. # 1 at ¶ 14). He never received a response and was informed in May 2009 that the appeal had never been considered and that Magellan would not consider further appeals. (Doc. # 1 at ¶ 14).

Lowell Hamilton was caused to incur the costs of the treatment provided to Mark Hamilton. (Doc. # 1 at ¶ 15).

## II.      Bradford Health Services's Motion to Dismiss

Bradford Health Services's motion to dismiss all claims (Counts 2 & 3) argues that those claims are due to be dismissed on the basis of ERISA defensive preemption.  "[D]efensive preemption is a substantive defense, justifying dismissal of preempted state law claims." *Jones v.*

*LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006). "A state law claim is defensively preempted under ERISA if it *relates to* an ERISA plan." *Id.* (citing 29 U.S.C. § 1144(a) (stating that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under 1003(b) of this title"))(emphasis in original). The statute itself does not define "relate to"; accordingly, "it has fallen to the courts to deduce Congress's intent and to apply this interpretation to the facts of each case that arises." *Morstein v. National Ins. Servs.*, 93 F.3d 715, 718 (11th Cir. 1996) (en banc) . The Supreme Court has held that the words "relate to" are to be given their "broad common-sense meaning" of having "a connection with or reference to [a benefit] plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). Further, the Eleventh Circuit has held that "when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." *Morstein*, 93 F.3d at 722. The court in *Morstein* further explained that "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *Id.* at 722-23.

In this case, Bradford is not an ERISA entity, but only was the service provider for Mark Hamilton's treatment. Because Bradford is not an ERISA entity the question before the court is whether the state law claims against it "affect the relations among the principal ERISA entites." *See Id.* Here, Plaintiffs' state law claims of misrepresentation and outrage do not affect relations between among the principal ERISA entities, namely Mark Hamilton and AT&T/Magellan. Plaintiffs' Complaint alleges that the denial letter sent from Defendant Magellan stated that there was "no further avenue of appeal for the denial decision." (Doc. # 1 at ¶ 13). The Complaint further alleges that it was this wording that prompted Mark Hamilton's concern and Bradford's response

that it would handle additional appeals of the denial and/or that Plaintiff himself would have sufficient opportunity to further appeal the decision. (Doc. # 1 at ¶ 13). Thus, according to the Complaint, at the time the alleged misrepresentations were made Plaintiff did not have a further avenue for appeal. Essentially, the claims process between Mark Hamilton and Magellan/AT&T was over before Bradford made any of its alleged misrepresentations. Thus, it follows that those alleged misrepresentations do not affect the relations between the principle ERISA entities, and as such Plaintiffs' claims against Bradford are not preempted by ERISA.

At oral argument Bradford argued that this court should follow the court in *Cavender v. East Alabama Medical Center*, No. 96-A-239-E, 1996 WL 1057533 (M.D. Ala. Oct. 23, 1996) and find that the claims against the medical service provider were defensively preempted by ERISA. In *Cavender*, a plaintiff brought claims against a medical center for negligently failing to submit the plaintiff's claim for benefits to the insurer and for negligently failing to inform the plaintiff that her claim had not been properly submitted. *Id.* at \*4. The court reasoned that those claims were preempted by ERISA because the nature of the claim against the medical service provider affected the relations between the insured and the principal ERISA entities. *Id.* at \*5. In *Cavender*, the plaintiff alleged that her benefits would have been paid but for the medical center's negligence in submitting her claim. *Id.* It is clear from the situation in *Cavender* that the alleged negligence of the medical center affected the relations between the plaintiff and the insurer (*i.e.*, had the claim been properly submitted it would have been paid). However, the facts of the present case are clearly distinguishable from *Cavender*. Here, the claim process between Mark Hamilton and Magellan was concluded before the alleged misrepresentations were made. Thus, the misrepresentations could not have affected the relations between the ERISA entities.

Bradford's arguments regarding preemption of Lowell Hamilton's claims are even wider of the mark.  Even assuming, *arguendo*, that the claims brought by Mark Hamilton against Bradford were preempted by ERISA (and to be clear, they are not), those claims brought by Lowell Hamilton would still not be preempted.  Because Lowell Hamilton is not a party to the insurance contract between Mark Hamilton and AT&T/Magellan, he does not have standing to bring a claim under ERISA as a participant or beneficiary. 29 U.S.C. § 1132(a).  As such, his claims are not preempted by ERISA.  Further, there is no valid argument for preemption under the theory of "derivative standing."  The Eleventh Circuit has recognized derivative standing when it allowed a medical facility to sue on behalf of the plan participant where the participant had executed an "Assignment of Insurance Benefits." *HCA Health Services of Georgia, Inc v. Employers Health Inc. Co.*, 240 F.3d 982, 989 (11th Cir. 2001).  The court found the medical facility did have standing based on an assignment of rights. *Id.* at 991.  However, the theory of derivative standing cannot confer standing upon Lowell Hamilton when there is nothing before the court to indicate that Mark Hamilton has assigned his rights to him.  In fact, here Mark Hamilton is suing in his own right; therefore, there is no basis for an argument that he assigned his rights to Lowell Hamilton.  Because there is nothing to show that Mark Hamilton in fact assigned his right to sue the ERISA plan administrator to Lowell Hamilton, this court finds there is simply no basis for saying that Lowell Hamilton has derivative standing.

Accordingly, the state law claims (Counts 2 and 3) against Bradford are not preempted by ERISA.  Thus, Bradford's motion to dismiss is due to be denied.

## IV.    Conclusion

For the reasons outline above, Defendants Magellan and AT&T's motion to dismiss/strike

(Doc. # 13) is due to be granted and Defendant Bradford's motion to dismiss (Doc. # 14) is due to be denied.  Thus, Count 4 remains against Defendants Magellan and AT&T, and Counts 2 and 3 remain against Defendant Bradford.  The court will enter a separate order consistent with this memorandum opinion.

      **DONE** and **ORDERED** this ___22nd___ day of March, 2011.

**R. DAVID PROCTOR**
UNITED  STATES  DISTRICT  JUDGE